IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

J & J MOBILE HOME PARK,          :
                                 :
        Plaintiff,               :
                                 :
    v.                           :   Civil Action No. 08-90-JJF
                                 :
THERESA THOMAS,                  :
                                 :
        Defendant.               :

---

Theresa Thomas, Pro se Defendant.

---

**MEMORANDUM OPINION**

April 16, 2008
Wilmington, Delaware

Farnan, District Judge

Defendant Theresa Thomas ("Defendant") removed this case from the Justice of the Peace Court of the State of Delaware, in and for Kent County on February 12, 2008. (D.I. 2.) She appears pro se and on February 25, 2008, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) For the reasons discussed below, the Court will summarily remand the case to State Court.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant removed this matter from the Delaware Justice of the Peace Court pursuant to 28 U.S.C. §§ 1331, 1343, 1443(1), and 1446. The Notice Of Removal states that she will not be treated equally in State Court in violation of her "inalienable civil rights" and "Bill of Rights."

Defendant also references 42 U.S.C. § 1985(3). She demands that her right to a fair just civil trial pursuant to the Fourteenth Amendment. She seeks to avoid any "totally illicit, unconstitutional, adverse non-impartial, arbitrary, capricious, de facto, possibly bought-off inferior Justice of the Peace Court." She states "notorious tribunal of questionable buddy-buddy judgeship(s)" . . . to Judy Skinner my incumbent (racist) adversary landlord. It appears Defendant removed this case to avoid racial injustice.

Attached as an exhibit is a Complaint filed in the Justice

2

of the Peace Court.   (D.I. 2, Ex.)   The Complaint seeks payment
for overdue monies owed for rent, trash pickup, washer, and late
fees.   Defendant was summoned to appear in court on February 13,
2008 to present evidence and give testimony regarding the claims
in the Complaint.

## II.   LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28
U.S.C. § 1441(a) which states that, in order to remove a civil
action from state court to federal court, a district court must
have original jurisdiction.   28 U.S.C. § 1441(a).   The statute is
strictly construed, requiring remand to state court if any doubt
exists over whether removal was proper.   Shamrock Oil & Gas Corp.
v. Sheets, 313 U.S. 100, 104 (1941).   A court will remand a
removed case "if at any time before final judgment it appears
that the district court lacks subject matter jurisdiction."   28
U.S.C. § 1447(c).   The party seeking removal bears the burden to
establish federal jurisdiction.   Steel Valley Auth. v. Union
Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d
Cir. 1987); Zoren v. Genesis Energy, L.P., 195 F. Supp. 2d 598,
602 (D. Del. 2002).   In determining whether remand based on
improper removal is appropriate, the court "must focus on the
plaintiff's complaint at the time the petition for removal was
filed," and assume all factual allegations therein are true.
Steel Valley Auth., 809 F.2d at 1010.

## II.    REMOVAL

Plaintiff filed her Notice of Removal pursuant to 28 U.S.C. § 1446, (i.e., procedure for removal), § 1331 (i.e., federal question jurisdiction), § 1343 (i.e., civil rights jurisdiction), § 1443(1) (i.e., removal  of civil rights cases), and 42 U.S.C. § 1985(3) (i.e., conspiracy to interfere with civil rights).

Defendant does not claim that this is a diversity suit.  The jurisdictional grounds she relies on for removal are 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1985(3).  A review of the Complaint, reveals, however, that none of the cited statutory provisions confer original jurisdiction of this lawsuit on this Court.  The Complaint at issue does not raise a federal question pursuant to 28 U.S.C. § 1331.  Nor does the Complaint address the issue of federal civil rights under 28 U.S.C. § 1343 which gives federal district courts original jurisdiction over lawsuits to redress deprivations of federal civil rights.  Finally, the Complaint makes no reference to conspiracy to interfere with civil rights.

An exception, however, is found in 28 U.S.C. § 1443, which permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . ."  The Supreme Court articulated the precise circumstances required to sustain removal under §

4

1443(1), clarifying that removal requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "'denied or cannot enforce' that right in the courts" of the state.  State of Georgia v. Rachel, 384 U.S. 780, 788 (1966); Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997).

Defendant refers to 28 U.S.C. § 1343, civil rights actions, and 42 U.S.C. § 1985(3), the conspiracy to interfere with civil rights, and alleges that she removed this case to avoid racial injustice.  There are no allegations, however, of past discrimination by the State Court in rulings against Defendant. Moreover, her allegations speak to speculative future racial discrimination.  That is, Defendant alleges she seeks "to easily avoid" unconstitutional, adverse, non-impartial treatment, but does not allege that she has been treated in that manner.

Defendants's allegations are insufficient to support an inference of racial discrimination.  Nonetheless, even assuming they had, she must show that she will be denied or cannot enforce her rights in the state courts.  28 U.S.C. § 1443(1); Davis v. Glanton, 107 F.3d at 1047 (citing State of Georgia v. Rachel, 384 U.S. at 788.  There are no allegations to suggest that if in fact Defendant's rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights.

Therefore, she has not established her entitlement to removal pursuant to § 1443(1).  See <u>City of Greenwood v.</u> <u>Peacock</u>, 384 U.S. 808, 828 (1966) (Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted. . . that those rights will inevitably be denied. . . .").

Based upon the foregoing, it is clear from the face of the Notice of Removal and the exhibits provided by Defendant that removal cannot be permitted.

V.    CONCLUSION

For the reasons discussed above, the Court will summarily remand the case to The Justice Of The Peace Court Of The State Of Delaware, In And For Kent County.  An appropriate Order will be entered.